UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
TINDRICK ZEIGLER,

                     Plaintiff,

        -against-                   <u>ORDER</u>
                                      12-CV-4075(JS)(AKT)
CORRECTIONAL OFFICER JOHN DOES
# 1-5,

                     Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:      Tindrick Zeigler, <u>Pro Se</u>
                   10-R-3087
                   Cayuga Correctional Facility
                   2202 State Route 38A
                   P.O. Box 1186
                   Moravia, New York 13118

For Defendants:    No Appearance

SEYBERT, District Judge:

       On August 15, 2012, incarcerated <u>pro</u> <u>se</u> plaintiff
Tindrick Zeigler ("Plaintiff") filed a Complaint in this Court
pursuant to Section 1983 against the unidentified "John Doe"
Defendants, together with an application to proceed <u>in</u> <u>forma</u>
<u>pauperis</u>. Plaintiff alleges, <u>inter</u> <u>alia</u>, that he was assaulted by
corrections officer while he was detained at the Riverhead
Correctional Facility. Upon review of the application to proceed
<u>in forma</u> <u>pauperis</u>, the Court finds that Plaintiff's financial
status qualifies him to commence this action without prepayment of
the Court's filing fee. Accordingly, the application to proceed <u>in</u>
<u>forma</u> <u>pauperis</u> is granted.

       However, the United States Marshal Service will not be

able to serve the intended Defendants without more information.

Accordingly, the Clerk of the Court shall send a copy of the Complaint and this Order to the Suffolk County Attorney. Pursuant to <u>Valentin v. Dinkins</u>, 121 F.3d 72 (2d Cir. 1997) (<u>per curiam</u>), the Court requests that Suffolk County Attorney ascertain the full names and service address(es) of the corrections officers, who were involved in the incident described in the Complaint to have occurred on January 26, 2010 during the 3:00 p.m. to 11:00 p.m. shift at the Riverhead Correctional Facility. The Suffolk County Attorney need not undertake to defend or indemnify these individuals at this juncture. This Order merely provides a means by which Plaintiff may name and properly serve the Defendants as instructed by the Second Circuit in <u>Valentin</u>. **The Suffolk County Attorney is hereby requested to produce the information specified above regarding the identities and service addresses of the corrections officers by October 12, 2012.** Once this information is provided, Plaintiff's Complaint shall be deemed amended to reflect the full names of the Defendants, summonses shall be issued and the Court shall direct service on the Defendants.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in</u> <u>forma</u> <u>pauperis</u> status is denied for the purpose of any appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September 19, 2012
      Central Islip, New York