UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
TINDRICK ZEIGLER,

                             Plaintiff,

                                                                                       ORDER
                   -against-                               12-CV-4075 (JMA) (AKT)

C/O RICHARD MANTTARI, #1292; C/O PETER
CUERVO, #1082; C/O/ CAROL GALLO, #335;
C/O CURTIS WILLIAMS, #533; C/O Neil MacDonald,
#648;

                            Defendants.
----------------------------------------------------------------------X

**AZRACK, United States District Judge:**

On October 8, 2015, incarcerated *pro se* plaintiff Tindrick Zeigler ("plaintiff") filed an application for the appointment of *pro bono* counsel to represent him in this case. For the reasons that follow, the application for the appointment of *pro bono* counsel is denied without prejudice and with leave to renew when this case is marked ready for trial, if so warranted at that time.

### DISCUSSION

Pursuant to 28 U.S.C. § 1915(e)(1), courts may appoint an attorney to represent someone who is unable to afford counsel. Courts possess broad discretion when determining whether appointment is appropriate, "subject to the requirement that it be 'guided by sound legal principles.'" *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 171−72 (2d Cir. 1989) (quoting *Jenkins v. Chemical Bank*, 721 F.2d 876, 879 (2d Cir. 1983)). The Second Circuit set forth the principles as follows:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the

> complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge v. Police Officers*, 802 F.2d 58, 61−62 (2d Cir. 1986). The Second Circuit also held that these factors are not restrictive, and that "[e]ach case must be decided on its own facts." *Id.* at 61. A developed record assists the court in this regard. *See Brooks v. State of New York*, 92-CV-1508, 1992 WL 320402, at *3 (S.D.N.Y. Oct. 29, 1992) (denying, without prejudice, appointment of counsel based on failure to satisfy requisite showing of likely merit).

The Court has reviewed plaintiff's application together with the pleadings and finds that the appointment of counsel is not warranted at this stage of the litigation. The Court has considered the *Hodge* factors in the context of plaintiff's application and amended complaint. Even assuming that the threshold requirement of *Hodge* is satisfied, the Court is unable, at this juncture, to conclude that the appointment of counsel is warranted. Specifically, despite the concerns raised in plaintiff's motion, the Court concludes that plaintiff is able to prosecute his case at this stage of the litigation. In reaching this determination, the Court finds that plaintiff has proven able to pursue his case, and that there is no special reason to appoint counsel.

Accordingly, plaintiff's application for appointment of counsel is denied without prejudice to plaintiff's renewal of the application at the conclusion of discovery, if circumstances warrant such an application. This denial also is without prejudice to plaintiff's hiring his own counsel to represent him in this matter.

## CONCLUSION

For the reasons set forth above, plaintiff's application for the appointment of *pro bono* counsel is denied without prejudice to plaintiff's renewal of the application at the conclusion of discovery, if circumstances warrant such an application. This denial also is without prejudice to

2

plaintiff's hiring his own counsel to represent him in this matter.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444−45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED**.

Date:   October 22, 2015
        Central Islip, New York

                                                        _____/s/ (JMA)_____
                                                        Joan M. Azrack
                                                        United States District Judge